UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEVERN GRANT,
Petitioner

V.

COMMISSIONER ARMSTRONG,
Respondent

CASE NO. 3:03CV573(PCD)(NGM)

JANUARY 27, 2004

## MOTION TO DISMISS

Now comes the respondent and moves to dismiss the petition for writ of habeas corpus filed in the above-captioned proceeding. The respondent's motion is brought on the ground that the petition is untimely filed under 28 U.S.C. § 2244(d). Additional details and arguments may be found in the respondent's memorandum of law which accompanies this motion. That memorandum is filed pursuant to Rule 9(a) of the Local Rules of Civil Procedure.

**I.   PROCEDURAL HISTORY**

This procedural history is compiled from documents forwarded as appendices to this Motion to Dismiss, as follows:

Appendix A   Decision of the Connecticut Supreme Court affirming judgment of conviction; State v. Grant, 221 Conn. 93, 602 A.2d 581 (1992)

Appendix B   Copy of first federal habeas corpus petition in the matter of Leverne Grant v. Commissioner John Armstrong, Case No. 3:96CV960(GLG)(DFM), U.S. District Court, District of Connecticut

Appendix C   Copy of stipulated dismissal in first federal habeas corpus proceeding

Appendix D   Copy of pro se petition signed on March 30, 1998 which was filed in the state habeas corpus matter of <u>Leverne Grant v. Warden</u>, Docket No. CV98-0331387-S, Superior Court in the judicial district of Danbury

Appendix E   Copy of the Record filed in the petitioner's appeal from the decision of the state habeas court

Appendix F   Decision of the Connecticut Appellate Court dismissing the petitioner's appeal from the decision of the state court; <u>Grant v. Commissioner of Correction</u>, 68 Conn. App. 484, 791 A.2d 697 (2002)

Appendix G   Connecticut Supreme Court's denying the petitioner's petition for certification to appeal the decision of the Appellate Court; <u>Grant v. Commissioner of Correction</u>, 260 Conn. 909, 795 A.2d 544 (2002)

On October 16, 1990, in the Connecticut Superior Court for the judicial district of New Haven, the petitioner was convicted of murder after a jury trial, <u>Hadden, J.</u>, presiding, in violation of Connecticut General Statutes § 53a-54a. On November 30, 1990, the trial court imposed a total effective sentence of fifty years incarceration. The petitioner appealed. On February 4, 1992, the Connecticut Supreme Court affirmed the judgment of conviction. <u>State v. Grant</u>, 221 Conn. 93, 602 A.2d 581 (1992).

The petitioner then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. <u>Leverne Grant v. Commissioner John Armstrong</u>, Case No. 3:96CV960(GLG)(DFM), U.S. District Court, District of Connecticut. Appendix B. That petition was filed on May 29, 1996. Subsequently, the respondent moved to dismiss the petition on the ground that all of the claims raised by the petitioner involved questions of state law and did not implicate the "Constitution or laws or treaties of the United States." <u>See</u> 28 U.S.C. 2254(a). Subsequently, counsel was appointed to represent the petitioner.

2

In March 1998, the petitioner and the respondent stipulated to a dismissal without prejudice. The Court ordered such dismissal and the case was closed on March 27, 1998. Appendix C.

In April 1998, the petitioner filed a pro se petition for writ of habeas corpus in the Superior Court for the judicial district of Danbury. Appendix D. That state petition shows that it was signed by the petitioner on March 30, 1998. Counsel was appointed and, subsequently, the petitioner's claims were articulated in an amended petition dated April 5, 2000. Appendix E at 4-7. After a trial on the merits of those claims, the state habeas court denied the petition on January 29, 2001. Appendix E at 9-13. The petitioner appealed the decision of the state habeas court to the Connecticut Appellate Court. That appeal was dismissed on February 26, 2002. Appendix F; Grant v. Commissioner of Correction, 68 Conn. App. 484, 791 A.2d 697 (2002). Thereafter, the petitioner petitioned the Connecticut Supreme Court for certification to appeal the decision of the Appellate Court. Certification was denied on March 28, 2002. Appendix F; Grant v. Commissioner of Correction, 260 Conn. 909, 795 A.2d 544 (2002).

The petitioner again filed for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 and, thus, initiated the instant proceedings. His petition indicates that it was signed on March 24, 2003 and was filed on March 31, 2003.

**II.   ARGUMENT**

In his petition to this Court, the petitioner claims that his state conviction is unlawful for a variety of reasons. His petition, however, was filed more than one year after "the date on which the judgment became final by conclusion of direct review or the expiration of the

time for seeking such review." Therefore, review of the claims raised in the petition is prohibited by 28 U.S.C. § 2244(d)(1), and the petition must be dismissed.

Under 28 U.S.C. § 2254, "a person in custody pursuant to the judgment of a State court may petition a federal court for a writ of habeas corpus on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. . . ." (Citation omitted; quotation marks omitted.) Ross v. Artuz, 150 F.3d 97, 99 (2d Cir. 1998). Prior to the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, "there was no formal limit on the time for filing such a petition." Ross, 150 F.3d at 99. "AEDPA wrought a significant change." Id. The AEDPA amended 28 U.S.C. § 2244 by adding the following relevant provisions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)    the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

The AEDPA's one-year limit applies to those federal habeas petitions filed after April 24, 1996, the statute's enactment date. Calderon v. U.S. District Court for the Central District of California, 128 F.3d 1283 (9th Cir. 1997); Peterson v. Demskie, 107 F.3d 92, 93 (2d Cir. 1997); Reyes v. Keane, 90 F.3d 676 (2d Cir. 1996).

### III.    CONCLUSION

For the reasons set forth above and in the accompanying memorandum of law, this Court must dismiss the petition attacking the petitioner's 1990 state conviction for murder.

4

Respectfully submitted,

RESPONDENT--COMMISSIONER JOHN ARMSTRONG

By: _____
JO ANNE SULIK
Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (facsimile)
Fed. Bar. No. ct 15122

**CERTIFICATION**

I hereby certify that a copy of this document was mailed to LeVern Grant, Inmate No. 246675, Greensville Correctional Center, 901 Corrections Way, Jarrat, Virginia 23870, on January 27, 2004.

_____
JO ANNE SULIK
Assistant State's Attorney