UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEVERN GRANT,
Petitioner

V.

COMMISSIONER ARMSTRONG,
Respondent

CASE NO. 3:03CV573(PCD)(JGM)

JANUARY 27, 2004

## MEMORANDUM OF LAW IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS

This memorandum is submitted in support of the respondent's motion to dismiss the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 and filed in the above-captioned proceeding. In that petition, the petitioner claims that his state conviction is unlawful because his right to due process was violated because (1) an out-of-court statement was admitted against him at his criminal trial; (2) the same out-of-court statement was admitted at his probable cause hearing; (3) a missing witness jury instruction was given by the trial court; and (4) the trial court refused to re-instruct the jury on the proper use of certain testimony. He further alleges that he was denied the effective assistance of counsel. As set forth below, the petitioner is not entitled to federal habeas corpus relief because he filed after the one-year statute of limitations expired. Therefore, his petition must be dismissed.

## I. PROCEDURAL HISTORY

This procedural history is compiled from documents forwarded as appendices to the respondent's Motion to Dismiss dated January 27, 2004, as follows:

Appendix A  Decision of the Connecticut Supreme Court affirming judgment of conviction; State v. Grant, 221 Conn. 93, 602 A.2d 581 (1992)

Appendix B  Copy of first federal habeas corpus petition in the matter of Leverne Grant v. Commissioner John Armstrong, Case No. 3:96CV960(GLG)(DFM), U.S. District Court, District of Connecticut

Appendix C  Copy of stipulated dismissal in first federal habeas corpus proceeding

Appendix D  Copy of pro se petition signed on March 30, 1998 which was filed in the state habeas corpus matter of Leverne Grant v. Warden, Docket No. CV98-0331387-S, Superior Court in the judicial district of Danbury

Appendix E  Copy of the Record filed in the petitioner's appeal from the decision of the state habeas court

Appendix F  Decision of the Connecticut Appellate Court dismissing the petitioner's appeal from the decision of the state court; Grant v. Commissioner of Correction, 68 Conn. App. 484, 791 A.2d 697 (2002)

Appendix G  Connecticut Supreme Court's denying the petitioner's petition for certification to appeal the decision of the Appellate Court; Grant v. Commissioner of Correction, 260 Conn. 909, 795 A.2d 544 (2002)

On October 16, 1990, in the Connecticut Superior Court for the judicial district of New Haven, the petitioner was convicted of murder after a jury trial, Hadden, J., presiding, in violation of Connecticut General Statutes § 53a-54a. On November 30, 1990, the trial court imposed a total effective sentence of fifty years incarceration. The petitioner

2

appealed. On February 4, 1992, the Connecticut Supreme Court affirmed the judgment of conviction. State v. Grant, 221 Conn. 93, 602 A.2d 581 (1992).

The petitioner then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. Leverne Grant v. Commissioner John Armstrong, Case No. 3:96CV960(GLG)(DFM), U.S. District Court, District of Connecticut. Appendix B. That petition was filed on May 29, 1996. Subsequently, the respondent moved to dismiss the petition on the ground that all of the claims raised by the petitioner involved questions of state law and did not implicate the "Constitution or laws or treaties of the United States." See 28 U.S.C. 2254(a). Subsequently, counsel was appointed to represent the petitioner. In March 1998, the petitioner and the respondent stipulated to a dismissal without prejudice. The Court ordered such dismissal and the case was closed on March 27, 1998. Appendix C.

In April 1998, the petitioner filed a pro se petition for writ of habeas corpus in the Superior Court for the judicial district of Danbury. Appendix D. That state petition shows that it was signed by the petitioner on March 30, 1998. Counsel was appointed and, subsequently, the petitioner's claims were articulated in an amended petition dated April 5, 2000. Appendix E at 4-7. After a trial on the merits of those claims, the state habeas court denied the petition on January 29, 2001. Appendix E at 9-13. The petitioner appealed the decision of the state habeas court to the Connecticut Appellate Court. That appeal was dismissed on February 26, 2002. Appendix F; Grant v. Commissioner of Correction, 68 Conn. App. 484, 791 A.2d 697 (2002). Thereafter, the petitioner petitioned the Connecticut Supreme Court for certification to appeal the decision of the Appellate

Court. Certification was denied on March 28, 2002. Appendix F; Grant v. Commissioner of Correction, 260 Conn. 909, 795 A.2d 544 (2002).

The petitioner again filed for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 and, thus, initiated the instant proceedings. His petition indicates that it was signed on March 24, 2003 and was filed on March 31, 2003.

## II.    ARGUMENT

In his petition to this Court, the petitioner claims that his state conviction is unlawful for a variety of reasons. His petition, however, was filed more than one year after "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." Therefore, review of the claims raised in the petition is prohibited by 28 U.S.C. § 2244(d)(1), and the petition must be dismissed.

### A.    Federal Habeas Corpus Review Is Not Available If The Petition Is Not Timely Filed

Under 28 U.S.C. § 2254, "a person in custody pursuant to the judgment of a State court may petition a federal court for a writ of habeas corpus on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. . . ." (Citation omitted; quotation marks omitted.) Ross v. Artuz, 150 F.3d 97, 99 (2d Cir. 1998). Prior to the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, "there was no formal limit on the time for filing such a petition." Ross, 150 F.3d at 99. "AEDPA wrought a significant change." Id. The AEDPA amended 28 U.S.C. § 2244 by adding the following relevant provisions:

4

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

The AEDPA's one-year limit applies to those federal habeas petitions filed after April 24, 1996, the statute's enactment date.  <u>Calderon v. U.S. District Court for the Central District of California</u>, 128 F.3d 1283 (9th Cir. 1997); <u>Peterson v. Demskie</u>, 107 F.3d 92, 93 (2d Cir. 1997); <u>Reyes v. Keane</u>, 90 F.3d 676 (2d Cir. 1996).  If a state conviction became final before the effective date of the act, a one-year grace period is permitted.  <u>Ross</u>, 150 F.3d at 102-03.  Therefore, petitions which challenge state convictions that became final before April 24, 1996 are barred by the AEDPA's statute of limitations if filed after April 24, 1997.  <u>Ross</u>, 150 F.3d at 103.  <u>See</u> also <u>Smith v. McGinnis</u>, 208 F.3d 13, 15 (2d Cir. 2000) (prisoners "whose convictions became final prior to the AEDPA's effective date of April 24, 1996, have a one-year grace period in which to file their habeas corpus petitioner, or until April 24, 1997").

### B.   The Instant Petition Must Be Dismissed Because It Was Not Filed On Or Before April 24, 1997

The petitioner's conviction became final prior to the AEDPA's enactment date of April 24, 1996.  Therefore, he was required to file the instant § 2254 petition by April 24, 1997.  The period of time beginning in May 1996 and ending in March 1998, during which his first federal petition was pending, is not excludable under § 2244(d)(2).  That Section provides that "[t]he time during which a properly filed application for *State* post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

5

not be counted toward any period of limitation under this subsection." (Emphasis added.) The U.S. Supreme Court has interpreted this to mean that the time during which a *federal* petition is pending will not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). See also Rodriguez v. Bennett, 303 F.3d 435, 438 (2d Cir. 2002). The instant § 2254 petition is dated March 24, 2003 and was filed with this Court on March 31, 2003.

Moreover, the petitioner's State post-conviction challenge to his conviction is not relevant. The petitioner's state habeas petition was filed in April 1998. Appendix D at 1; Appendix E at 1-2. Apparently, the petitioner signed that petition on March 30, 1998. Appendix D at 4-5. As such, it was not pending during the relevant time period of April 24, 1996 through April 24, 1997. As a result, the petitioner has no relevant, excludable time under 28 U.S.C. § 2244(d)(2). Therefore, his petition must be dismissed.

### C. Even If The Court Excluded The Time During Which The Petitioner's Prior Federal Habeas Petition Was Pending, His Current Petition Still Would Not Be Timely Filed

The one-year statute of limitations is not jurisdictional. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Therefore, a court may equitably toll the one-year period for a variety of reasons. In the instant case, the petitioner could argue that the period during which his first federal habeas petition was pending warrants equitable tolling. See Rodriguez v. Bennett, 303 F.3d 435 (2d Cir. 2002) (remanding case to the district court for a determination of whether equitable tolling was appropriate for the period during which the petitioner's first federal petition was pending). Equitable tolling, however, "applies only in the 'rare and exceptional circumstance[]."" (Citations omitted.) Smith, 208 F.3d at 17. "In

order to equitably toll the one-year period of limitations, [a petitioner] must show that extraordinary circumstances prevented him from filing his petition on time." Id.

In the instant case, however, the Court need not explore the question of whether the petitioner is entitled to equitable tolling. Even if the period during which his first federal petition was pending is excluded, the petitioner still has not filed the instant petition within the one-year period. The one-year period began to run on the April 24, 1996, when the AEDPA was enacted--*not* on March 28, 2002 when review of the petitioner's state habeas corpus proceeding concluded. See Smith, 208 F.3d at 17 (the "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."

The chart below illustrates the relevant times and events:

| Date | Event |
|---|---|
| February 4, 1992 | Decision of the Connecticut Supreme Court affirming the judgment of conviction |
| April 24, 1996 | Effective date of AEDPA |
| May 29, 1996 | Petitioner signed first § 2254 petition[1] |
| March 27, 1998 | First § 2254 case closed |
| March 30, 1998 | Petitioner signed state habeas petition |
| March 28, 2002 | Connecticut Supreme Court denied certification to appeal the decision of the Appellate Court regarding the claims raised in his state habeas corpus petition |
| March 24, 2003 | Petitioner signed second § 2254 petition |
| March 31, 2003 | Second § 2254 habeas petition filed with this court |

---

[1] By using the date that the petitioner signed the petition, rather than the date that it was filed with the court, the respondent is very generous in its calculations.

Thus, the periods from April 24, 1996 to May 29, 1996 and March 27-30, 1998 and March 28, 2002 to March 24, 2003 must be counted towards the one-year period. Respectively, these periods constitute 35 days, 3 days and 361 days for a total of 399 days. Thus, the instant petition must be dismissed as untimely in accordance with 28 U.S.C. § 2244.

## III.  CONCLUSION

For the reasons set forth above, this Court must dismiss the petition attacking the petitioner's 1990 state conviction for murder.

Respectfully submitted,

RESPONDENT--COMMISSIONER JOHN ARMSTRONG

By: _____
JO ANNE SULIK
Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (facsimile)
Fed. Bar. No. ct 15122

## CERTIFICATION

I hereby certify that a copy of this document was mailed to LeVern Grant, Inmate No. 246675, Greensville Correctional Center, 901 Corrections Way, Jarrat, Virginia 23870, on January 27, 2004.

_____
JO ANNE SULIK
Assistant State's Attorney