UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAY 12  A 8:42
U.S. DISTRICT COURT
BRIDGEPORT, CONN

LEVERN GRANT,
    Petitioner,

v.

COMMISSIONER ARMSTRONG,
    Respondent.

PRISONER
CASE NO. 3:03CV573(PCD)

RULING AND ORDER

Petitioner, LeVern Grant ("Grant"), brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 1990 conviction for murder. Respondent has moved to dismiss on the ground that the petition is time-barred. Grant has not responded to the motion despite specific notice from the court. For the reasons set forth below, respondent's motion is granted.

I.   Background

After a jury trial in the Connecticut Superior Court for the Judicial District of New Haven, Grant was convicted of murder. On November 30, 1990, he was sentenced to a total effective term of imprisonment of fifty years. Grant's conviction was affirmed on direct appeal. See State v. Grant, 221 Conn. 93, 602 A.2d 581 (1992).

On May 29, 1996, Grant filed a petition for writ of habeas corpus in federal court. On March 27, 1998, that action was dismissed without prejudice by stipulation of the parties. See Grant v. Armstrong, No. 3:96cv960(GLG)(DFM).

By petition signed March 30, 1998, Grant commenced a habeas corpus action in state court. On January 29, 2001, the state court denied the petition. Grant's appeal to the Connecticut Appellate Court was dismissed on February 26, 2002. See Grant v. Commissioner of Correction, 68 Conn. App. 484, 791 A.2d 697 (2002). The Connecticut Supreme Court denied Grant's petition for certification on March 28, 2002. See Grant v. Commissioner of Correction, 260 Conn. 909, 795 A.2d 544 (2002).

Grant commenced this action by petition dated March 24, 2003.[1] Respondent has moved to dismiss on the ground that the petition is untimely.

II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), amended §2244(d)(1) to now impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became

---

[1] The Second Circuit has held that a pro se prisoner's petition for writ of habeas corpus is considered filed as of the date the prisoner gives the petition to prison officials to be forwarded to the court. See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir.) (extending prisoner mailbox rule to pro se habeas corpus petitions) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)), cert. denied, 534 U.S. 886 (2001).

2

>    final by the conclusion of direct review or
>    the expiration of the time for seeking such
>    review;
>      (B) the date on which the impediment to
>    filing an application created by State action
>    in violation of the Constitution or laws of
>    the United States is removed, if the
>    applicant was prevented from filing by such
>    State action;
>      (C) the date on which the constitutional
>    right asserted was initially recognized by
>    the Supreme Court, if the right has been
>    newly recognized by the Supreme Court and
>    made retroactively applicable to cases on
>    collateral review; or
>      (D) the date on which the factual predicate
>    of the claim or claims presented could have
>    been discovered through the exercise of due
>    diligence.
>    (2) The time during which a properly filed
>    application for State post-conviction or
>    other collateral review with respect to the
>    pertinent judgment or claim is pending shall
>    not be counted toward any period of
>    limitation under this subsection.

28 U.S.C. §2244(d).

III. Discussion

Grant's conviction became final on May 24, 1992, at the expiration of the time within which he could have filed a petition for writ of certiorari to the United States Supreme Court. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.) (holding in case where petitioner had appealed to state highest court, direct appeal also included filing petition for writ of certiorari to Supreme Court or the expiration of time within which to file petition), cert. denied, 534 U.S. 924 (2001). Because Grant's conviction became final before the enactment of the AEDPA, he had one year from the effective date of the

3

statute, or until April 24, 1997, to file a federal habeas petition. See Ross v. Artuz, 150 F.3d 97, 102-03 (2d Cir. 1998) (holding that where petitioner's conviction became final before April 24, 1996, the effective date of the AEDPA, he is afforded one year, or until April 24, 1997, to file a petition for writ of habeas corpus in federal court).

Grant filed his first federal habeas action on May 29, 1996. Although the limitations period is tolled by the filing of a state habeas petition, it is not tolled by the filing of a federal habeas petition. See 28 U.S.C. § 2244(d)(2); Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Grant did not file his state habeas action until 1998, after the limitations period expired. This petition, filed on March 24, 2003, also was filed after the limitations period expired.

The Second Circuit has held that the limitations period set forth in 28 U.S.C. 2244(d) may be equitably tolled. See Smith v. McGinnis, 208 F.3d 13, 15-17 (2d Cir.) (adopting the position that "the one-year period is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period"), cert. denied, 531 U.S. 840 (2000). Equitable tolling applies, however, only in "rare and exceptional circumstances," id. at 17, and requires the petitioner to "demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing

4

[of his petition] during that time." Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (citation omitted). The burden is on the petitioner to demonstrate that equitable tolling is warranted. See Smith, 208 F.3d at 17.

Grant has not responded to the motion to dismiss. Thus, he has presented no argument that equitable tolling should be invoked. The court notes, however, that even if the court were to equitably toll the limitations period during the time that Grant's first federal habeas action was pending, this petition still is time-barred. The limitations period commenced on April 24, 1996. It would have been equitably tolled thirty-four days later, on May 29, 1996, when Grant filed his federal habeas petition. The limitations period would begin again on March 27, 1998, when the federal habeas petition was dismissed and be tolled two days later, on March 30, 1998, when Grant signed his state habeas petition. The limitations period would not begin to run again until March 28, 2002, the day the Connecticut Supreme Court denied Grant's petition for certification. The limitations period then ran for 361 days until Grant signed this petition on March 24, 2003. Thus, 397 days elapsed from the day the limitations period began to run until Grant filed this petition. Grant did not date his first federal habeas petition. Even allowing seven days for the petition to reach the court after Grant gave it to prison officials for mailing, this petition was filed twenty-five days too late.

IV.  Conclusion

Respondent's Motion to Dismiss [**doc. #11**] is **GRANTED**.

The Supreme Court has held that,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In addition, the Court stated that, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.  This court concludes that a plain procedural bar is present here; no reasonable jurist could conclude that Grant timely filed his petition.  Accordingly, a certificate of appealability will not issue.  The Clerk is directed to close this case.

**SO ORDERED** this ____ day of May, 2004, at New Haven, Connecticut.

Peter C. Dorsey
United States District Judge

6