UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEVERN GRANT,<br>    Petitioner, | FILED<br>2005 OCT 11  P 4:29 |
| v. | U.S. DISTRICT COURT<br>BRIDGEPORT, CONN<br>CASE NO. 3:03CV573 (PCD) |
| COMMISSIONER ARMSTRONG,<br>    Respondent. | DATE: JUNE 21, 2005 |

### AMENDED MOTION TO RE-OPEN JUDGMENT

The Petitioner, Pro-Se, hereby moves this Honorable USDC pursuant to (it's) Ruling and Order dated June 6, 2005 (sic) and filed June 8, 2005 at approximately 2:12pm, and received by the petitioner upon this very date, 06/21/05. In support hereof, the petitioner state's the following:

The Petitioner, Levern Grant, ("Grant"), brings this action for a Writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 1990 conviction for murder, pro-se. The respondent had moved to dismiss his claim(s) upon the ground that his petition is time-barred. It was further alleged that the petitioner failed and/or refused to respond to this claim dispite specific notice from the court which this court prematurely Granted erroneously.

### I. BRIEF HISTORY OF CASE

After a jury trial in the Connecticut Superior Court for the Judicial District of New Haven; petitioner was convicted of murder. On November 30, 1990, he was sentenced to a total effective term of fifty (50) years of imprisonment. Petitioner's conviction was affirmed on direct appeal. See State v. Grant, 221 Conn. 93, 602 A.2d 581 (1992). (Prior to the Antiterrorism and effective Death Penalty Act of 1996) Hereinafter, ("AEDPA"), Public L. No. 104-132, 110 Stat. 1214 (1996), amended 2244 (d) (1) which imposed a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court.

On May 29, 1996, Grant filed a petition for a Writ of habeas corpus in federal court. Subsequently, on March 27, 1998, that action was dismissed without prejudice by stipulation of the parties. See Grant v. Armstrong, No. 3:96cv960 (GLG)(DFM).

This court, subsequently, appointed counsel to represent the petitioner pursuant to the criminal justice act of 1964 as amended on December 16, 1997. Attorney Paul F. Thomas, A.P.D. who orchestrated a stipulation where the petitioner 'with-drew' his petition upon his claim that the petitioner would be able to "re-file" his claims after he first finished his state habeas claim(s) which the petitioner found to be false and erroneous as demonstrated by the respondent's motion to dismiss, and this court's Granting of the same based upon misleading and erroneous information..

1. **SPECIFIC FACTS RELIED UPON:**

   The petitioner, a Connecticut prison inmate, pro-se, filed the instant complaint for a Writ of habeas corpus after he exhausted his state claim(s). Which the respondent stipulated to in a timely filed application which the petitioner withdrew after consulting with his court appointed attorney Ordered by this Honorable Court on 12/30/97; pursuant to the provisions of the Criminal Justice Act of 1964 as amended..**See** Exhibit **A**; on docket number 3:96cv-960(GLG)(DFM) which was dismissed without prejudice on March 26, 1998 in Waterbury, Conn., and filed March 27, 1998 at 9;36am in Bridgeport, Conn..**See** Exhibit **B** ; Therefore, the respondent had ample notice of the petitioner's intentions on filing a federal application for a Writ of Habeas Corpus, and no harm was suffered by anyone because of the tardiness of the petitioner and/or the Correctional officials to get his "Court correspondence" to this court and the petitioner, and he was transferred to another State (i.e. Virginia) yet his mail was continuously mailed to the wrong address by this Court, after being notified upon several occasions by the petitioner while housed in Virginia after receiving said correspondence.

2. **CONCLUSION:**

   Because the petitioner has not knowingly delayed this action contrary to Federal law, and the claimed error doesn't amount to a 'subject-matter jurisdiction' claim; the petitioner should be allowed to proceed forthwith with his matter, as mentioned, no harm was suffered by the respondent....

                                    RESPECTFULLY
                                    SUBMITTED
                              BY: _____
                                    LEVERN GRANT-PETITIONER-PRO-SE-
                                    MACDOUGALL/WALKER, CI.
                                    1153 EAST STREET SOUTH
                                    SUFFIELD, CONN. 06080

**CERTIFICATION:**

I hereby certify that a copy of the foregoing motion was mailed this 23 day of JUNE, 2005 to:

JO ANNE SULIK, A.S.A.
CIVIL LITIGATION BUREAU
OFFICE OF THE CHIEF STATE'S ATTORNEY
300 CORPORATE PLACE
ROCKY HILL, CONNECTICUT 06067
Tel. (860) 258-5887
Facsmile (860) 258-5968
FED. BAR. NO. CT. 15122

                                                         _L. Grant_
                                                         LEVERN GRANT-PETITIONER-Pro-Se-
                                                         MacDougall/Walker, C.I.
                                                         1153 East St. South
                                                         Suffield, Conn. 06080

18

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

LEVERN GRANT

vs.

COMMISSIONER ARMSTRONG

CIVIL No. 3:96cv960GLG (DFM)

## APPOINTMENT OF THE FEDERAL PUBLIC DEFENDER'S OFFICE PURSUANT TO THE PROVISIONS OF THE CRIMINAL JUSTICE ACT OF 1964, AS AMENDED

The defendant has sworn under oath or affirmed as to his/her financial inability to employ counsel and has expressed the desire that counsel be provided by the Court to represent him/her, pursuant to the provisions of the Criminal Justice Act of 1964 as amended.

The Office of the Federal Public Defender is appointed to represent the defendant and has been notified of this appointment. Counsel is directed to file an appearance on or before 12/30/97.

Dated at New Haven, Connecticut, this 16th day of DECEMBER 1997.

_____
U.S. District Judge/U.S. Magistrate Judge

CJA Form D
Rev. 8/6/92

"Exhibit B"

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LEVERNE GRANT

vs.     CASE. NO. 3:96CV960(GLG) (DFM)

COMMISSIONER JOHN J. ARMSTRONG

## STIPULATION OF DISMISSAL

Pursuant to Fed. R. Civ. P. 41(a)(1), and Rule 11 of the Rules re: Section 2254 cases, petitioner Leverne Grant and respondent Commissioner John J. Armstrong hereby stipulate that this case may be dismissed without prejudice.

Leverne Grant

Counsel for Commissioner John J. Armstrong

SO ORDERED.

Dated: March 26, 1998
Waterbury, CT

Gerard L. Goettel
U.S.D.J.