```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT


LEVERN GRANT,                     :
     Petitioner,                  :
                                  :              PRISONER
     v.                           :    CASE NO. 3:03CV573(PCD)
                                  :
COMMISSIONER ARMSTRONG,           :
     Respondent.                  :
```

## RULING AND ORDER

On May 12, 2005, the court granted respondent's motion to dismiss this petition on the ground that the petition was time-barred. Petitioner moves to reopen the action, stating that he will be able to demonstrate that equitable tolling is warranted in this case. The court advised petitioner that equitable tolling already had been considered for the period during which his first federal habeas petition was pending, but permitted him to file a second motion to reopen if he could identify another period during which the limitations period should be equitable tolled. The court directed petitioner to file any second motion to reopen on or before June 27, 2005.

On October 11, 2005, the court received petitioner's amended motion to reopen which is dated June 21,2005. In the motion, petitioner does not comply with the court's order that he identify another period during which the limitations period should be equitably tolled. Instead, he argues that he withdrew his first federal habeas petition with the understanding that he could refile after he exhausted his state court remedies.

Although this reason is not stated in the stipulation of dismissal in the first habeas case,[1] the court equitably tolled the limitations period during the time the first federal habeas petition was pending. In addition, the court tolled the limitations period from the date the petitioner signed his state habeas petition through the date the Connecticut Supreme Court denied his petition for certification. If petitioner had promptly returned to this court after the Connecticut Supreme Court had issued its decision, the petition would have been timely. Instead, petitioner waited nearly one year from the date of denial of certification to file a second federal habeas petition.

Thus, the petitioner has not identified any other time period during which the limitations period should be tolled. The amended motion to reopen [**doc. #20**] is **DENIED**.

**SO ORDERED** this ___14th___ day of March, 2006, at New Haven, Connecticut.

                                                         /s/
                                        Peter C. Dorsey
                                        United States District Judge

---

[1] Petitioner attaches a copy of the stipulation of dismissal in the first habeas case to his amended motion to reopen [doc. #20].