UNITED STATE'S DISTRICT COURT
DISTRICT OF CONNECTICUT

LEVERN GRANT

V.

JOHN ARMSTRONG

DOCKET NO. 3:03-cv-573 (PCD)

DATE: 08/17/06

## CERTIFICATE OF APPEALABILITY

The appellant, **pro-se**, moves this Honorable United States District Court pursuant to § 2253(c) of title 28, **United States Code,** for a certificate of appealability in the above entitled proceedings. In support hereof, the petitioner states the following:

### ISSUE OF APPEAL

I. **WHETHER THE DISTRICT COURT ERRED WHEN IT DENIED THE APPELLANT OF AN OPPORTUNITY TO BE HEARD AND DISMISSED HIS PETITION ?**

The petitioner, a Connecticut prison inmate, serving a substanial prison sentence for the charge of murder, was transfered by Connecticut Department of Corrections, ("D.O.C."), to the State of Virginia to continue his said sentence. The appellant's legal mail from the court was continuously mailed to the Garner Correctional Institution, ("G.C.I."), ALTHOUGH the appellant notified the court clerk that he was transfered to Virginia by the D.O.C.. Subsequently, the appellant's legal property was mis-placed by the D.O.C. which deprived the petitioner, unschooled in the science of law, from attempting to articulate his claims.

As such, the respondent has not been prejudiced by the actions of the appelant and believe that they have an air-tight case against the appellant's claim(s). Nonetheless, because the appellant could not re-produce facts and information mis-placed by the D.O.C., thus repondent, during his transfer to Virginia, the district court dismissed his petition; claiming

it was untimely. (a few months outside the time frame of aedpa or **AEDPA**) As mentioned, through no fault of his own.

Clearly, it is well settled, that if a petitioner can raise an issue which is "debatable among jurists of reason," a certificate should be granted. <u>Clark v. Collins</u>, 956 F.2d 68 (5th Cir.), cert., denied 503 U.S. 901, 112 S. Ct. 1254 (1992). As such, "courts will go to particular pains to protect **pro se** litigants against consequences of technical errors if injustice would otherwise require" <u>U.S. v. Sanches</u>, 88 F.3d 1243 (D.C. cir. 1996). Therefore, "in reviewing **pro se** complaint(s), courts of appeal must imply standards less stringent than if complaint drafted by counsel." <u>Barker v. Cuoma</u>, 58 F.3d 814 (2nd Cir. 1995). As such, nothing less should be expeected here in the district court. (SIC).

**CONCLUSION:**

Because the respondent has not been prejudiced, and the appellant has been deprived of an opportunity to be heard; through no fault of his own, he should be allowed **a certificate of appealability.**

RESPECTFULLY
SUBMITTEDS

BY: _____
LEVERN GRANT-APPELLANT-PRO-SE
MACDOUGALL/WALKER, C.I.
1153 EAST STREET SOUTH
SUFFIELD, CONN. 06080

**CERTIFICATION:**
I hereby certify that a copy of the foregoing was mailed this 17th day of August 2006 to:

Jo Anne Sulik, A.S.A.
300 Corporate Place
Rocky Hill, Ct. 06067