UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
LEVERN GRANT,                       :
       Petitioner,                  :
                                    :              PRISONER
       v.                           :    CASE NO. 3:03CV573(PCD)
                                    :
COMMISSIONER ARMSTRONG,             :
       Respondent.                  :
```

RULING AND ORDER

    Petitioner, LeVern Grant ("Grant"), filed this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  On May 12, 2004, the court granted respondent's motion to dismiss on the ground that the petition was untimely filed.  One year later, Grant moved to reopen.  On June 6, 2005, the court denied the motion without prejudice to refiling on or before June 27, 2005, provided petitioner could identify a reason why and a period during which the limitations period should be tolled.  Grant was afforded an extension of time, until July 21, 2005, to file his motion to reopen.

    Grant's motion to reopen judgment, dated June 21, 2005, did not reach the court until October 11, 2005.  On March 14, 2006, the court denied the motion to reopen because petitioner did not comply with the court's instruction that he identify another time period and reason for equitably tolling the limitations period. Petitioner appealed the denial of his motion to reopen.

    On August 9, 2006, the Court of Appeals filed its mandate

dismissing the appeal without prejudice to reinstatement after the court issued or denied a certificate of appealability. On September 15, 2006, the court denied a certificate of appealability regarding the dismissal of the petition. The court has learned, however, that the Court of Appeals sought a determination regarding the issuance of a certificate of appealability regarding the March 2006 ruling denying the motion to reopen. Accordingly, the prior ruling [doc. #28] is hereby vacated.

In the ruling granting respondent's motion to dismiss, the court tolled the limitations period during the pendency of the state petition and the state appeals. In addition, the court equitably tolled the limitations period during the pendency of the first federal habeas petition. In the ruling denying Grant's first motion to reopen, the court afforded him the opportunity to identify any additional time period during which equitable tolling should apply. In his amended motion, Grant does not comply with that order. He does not identify any specific time period. Although he states that his papers were misplaced when he was transferred to Virginia, he does not indicate when that occurred or when he returned to Connecticut. Thus, the court cannot determine whether Grant's transfer occurred during a time that the limitations period already has been tolled.

A petitioner seeking equitable tolling must show that he was

prevented from filing his petition on time by extraordinary circumstances.  See Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (granting a certificate of appealability for the limited purpose of determining whether the intentional confiscation of legal papers warranted equitable tolling).  Thus, the petitioner must identify extraordinary circumstances and show that these circumstances cause his petition to be untimely filed. If the petitioner could have timely filed his petition if he had acted with reasonable diligence, he would not satisfy the requirement.  See id. at 134.  Although Grant states that his legal papers were lost when he was transferred, he does not state when the papers were lost or describe any efforts he made to locate the original papers or to obtain replacements.  Thus, the court cannot determine whether the loss prevented Grant from timely filing his federal habeas petition.

A certificate of appealability may be issued only "if the applicant has made a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  Grant has not shown that extraordinary circumstances prevented him from timely filing his petition.  The court concludes that he has not made a substantial showing of the denial of a constitutional right.  Thus, a certificate of appealability will not issue as to the ruling denying Grant's motion to reopen.

The court's ruling denying a certificate of appealability

[**doc. #28**] is **VACATED** and Grant's motion [**doc. #27**] is **DENIED**.

**SO ORDERED** this ___26th___ day of September, 2006, at New Haven, Connecticut.

                                    _____/s/_____
                                    Peter C. Dorsey
                                    United States District Judge