```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

LEVERN GRANT,                       :
        Petitioner,                 :
                                    :           PRISONER
        v.                          :   CASE NO. 3:03CV573(PCD)
                                    :
COMMISSIONER ARMSTRONG,             :
        Respondent.                 :
```

### RULING AND ORDER

The court dismissed this federal habeas action on the ground that the petition was time-barred. Judgment entered in favor of respondent on May 14, 2004. Nearly five years later, petitioner has filed a fourth motion to reopen judgment. In the motion, however, he references the court's October 29, 2008 ruling denying his third motion to reopen rather than the May 2004 judgment. Accordingly, the court considers the motion as a motion for reconsideration of the October 2008. The court concludes that the motion should be denied.

A motion for reconsideration must be filed and served within ten days from the date of filing of the decision from which reconsideration is sought. The motion must be accompanied by a memorandum concisely stating the facts or controlling decisions the moving party believes the court overlooked. Rule 7(c), D. Conn. L. Civ. R. Petitioner seeks reconsideration of an October 29, 2008 ruling. He had ten days, or until November 12, 2008, to file and serve his motion. Petitioner's motion is dated December 15, 2008, over one month too late. Thus, any request for

reconsideration is untimely.

In addition, even if the motion were timely, it should be denied.  Motions for reconsideration will be denied unless the moving party can identify controlling decisions or data that the court overlooked which would be expected to alter the court's conclusion.  See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration may not be used to relitigate an issue the court already has decided.  See SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), aff'd in part and vacated in part on other grounds, 505 F.3d 183 (2d Cir. 2007).

Petitioner identifies no controlling decisions.  He merely attempts to present new evidence to support his argument that the limitations period should be equitably tolled.  Petitioner submits a copy of the order denying certification and envelope from the Connecticut Supreme Court showing that the court mailed the notice of denial of certification to the incorrect address.  He also provides a letter from his attorney showing that the attorney mailed notification to him on April 8, 2002, eleven days after the denial was filed.  He also states, without evidence that he did not receive the letter from his attorney until May 2002.  Petitioner fails to show that he did not possess and could not have discovered this information earlier had he exercised due

diligence.[1]  See Fidelity Partners, Inc. v. First Trust Co. of New York, 58 F. Supp. 2d 55, 59 (S.D.N.Y. 1999) (listing elements plaintiff must show for reconsideration based on newly discovered evidence).  Thus, the letters do not constitute newly discovered evidence and do not warrant reconsideration of the prior ruling.

Petitioner's fourth motion to reopen judgment [**doc. #35**], which the court construes as a motion for reconsideration of the denial of his third motion to reopen judgment, is **DENIED**.  In light of this determination, petitioner's motion for summary judgment [**doc. #38**] is **DENIED** as moot.  Respondent's motion for extension of time [**doc. #39**] is **GRANTED** nunc pro tunc.  The court concludes that no certificate of appealability should issue because jurists of reason would not disagree with the determination that the motion is untimely and should be denied.

**SO ORDERED** this ___16th___ day of March 2009, at New Haven, Connecticut.

```
                              _____
                              _____/s/_____
                              Peter C. Dorsey
                              United States District Judge
```

---

[1] The Court previously determined that the limitations period did not expire until March 24, 2003.  See Doc. #14 at 5.  Petitioner does not address why he was unable to submit a federal habeas petition before that date.